**SQUIRE, Etc., Plaintiff-Appellant v. GUARDIAN TRUST COMPANY, et al, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19247.   Decided January 24, 1944.

Thomas J. Herbert Columbus, Attorney General of Ohio, Davis & Young, Cleveland, Krueger, Gorman & Davis, Cleveland for plaintiff-appellant.

Andrews, Hadden & Putnam, Cleveland, Dorn & Merry, Cleveland, Baker, Hostetler & Patterson, Cleveland, Ewing & Hecker, Cleveland, Garfield, Baldwin & Vrooman, Cleveland, Grossman, Carter, Hamilton & Rosenman, Cleveland, Simmons, DeWitt & Vilas, Cleveland, Squire, Sanders & Dempsey, Cleveland, Thompson, Hine & Flory, Cleveland.

ROSS, P. J., HILDEBRANT J., MATTHEWS J., of the First District, sitting by designation in the Eighth Appellate District.

## OPINION

By MATTHEWS J.

This is an appeal from a judgment dismissing the action at the plaintiff's cost for failure to comply with the former orders of the court.

To the plaintiff's petition, thirty-eight pages in length, the defendants filed motions to make definite and certain, and to separately state and consecutively number the causes of action. Upon the sustaining of these motions, the plaintiff filed an amended petition, which, upon the defendants' motions, was stricken from the files on the ground that it failed to comply with the court's order. A second, third and fourth amended petition met a like fate for the same reason. Upon striking the fourth amended petition from the files the court entered a judgment of dismissal from which this appeal was taken. This fourth amended petition was attacked not only

on the ground that it failed to comply with the former order of the court, but also on the ground that it was a sham pleading. The court, however, did not find that it was a sham, and we think the record clearly justified the court's position in that respect. The court placed its ruling, striking the fourth amended petition solely for non-compliance with the former order of the court to make definite and certain, and to separately state and number.

The appeal, therefore, requires us to examine and analyze the original order to make definite and certain, and to separately state and number, to determine to the extent necessary for a decision of this case whether the original petition was defective in the respects found, and then determine whether this fourth amended petition, which is three hundred and eighty pages in length, purporting to separately state and consecutively number ninety-seven causes of action, is so charged with the same vice as to be subject to a motion to strike from the files.

The plaintiff, as superintendent of banks of the State of Ohio instituted this action to recover against sixty-three directors of The Guardian Trust Company of Cleveland losses sustained by the bank during the period commencing on January 15, 1923 and ending June 15, 1933, when the superintendent of banks took possession under authority of §710-89 GC on insolvency of the bank.

In the original petition, the plaintiff alleged that the defendants, being directors of the bank, "wilfully and knowingly, in violation of the laws of Ohio, or wrongfully, illegally and negligently without exercising ordinary care, diligence, prudence and business judgment and with a careless disregard of the rights of the stockholders, depositors and creditors of the bank, suffered and allowed, caused and permitted, authorized, acquiesced in, ratified and approved each and all of the following acts and the carrying out of each and all of the following transactions."

These general allegations were followed by other allegations of concealment of their action by false and misleading bookkeeping entries and then were set forth many specific instances of losses resulting to the bank because of the actions of the defendants as described. Many of the instances related to losses sustained in connection with the Hotel Hollenden Company which, according to the allegations, the bank through wholly owned subsidiary corporations, owned and operated for almost ten years at a large loss. Other instances related to losses incurred in the operation of The Vincent Building Company, which was a wholly owned subsidiary of

The New England Company which in turn was a wholly owned subsidiary of The Guardian Trust Company. This corporate pyramid was used, according to the allegations, in the construction of an annex to the Hollenden Hotel. Still other losses resulted from the improper handling of several trusts of which The Guardian Trust Company was a fiduciary of one kind or another, and finally the defendants were charged with distributing a large sum as dividends out of capital.

To this thirty-eight page petition about twenty motions were filed, varying somewhat but each asking and seeking an order requiring the plaintiff to make the petition definite and certain, to strike out and to separately state and consecutively number the causes of action. Just one of these motions contained about ninety specifications of asserted defects to be cured. We have not examined the other motions to determine the extent in which they contain distinct grounds of attack. Suffice it is to say that compliance with the demands set forth in one motion would require a complete reconstruction of the pleading. The court overruled that part of the motions which sought to have certain portions stricken out, thus reducing the number of specifications in the one motion by fourteen, and then entered a blanket order sustaining the motions to separately state and number and to make definite and certain with the provision that compliance with the order should be in conformity with "memorandum of counsel heretofore rendered." An examination of this memorandum discloses that the court was of the opinion that the plaintiff had attempted to state as one equitable cause of action what was in reality several legal causes of action.

Confronted with this order, the plaintiff filed an amended petition containing fifteen causes of action. This was stricken from the files for failure to comply with the order to make definite and certain and to separately state and consecutively number. A second amended petition purporting to state sixty causes of action, a third amended petition purporting to state sixty-one causes of action and a fourth amended petition purporting to state ninety-seven causes of action in turn also stricken from the files for the same reason. Upon striking the fourth amended petition from the files, the court entered a judgment of dismissal.

In view of the manifold objections to the form of the petition and the general and indefinite terms of the order sustaining the objections, it would have been impossible for any one to assert with any confidence that any given amended pleading would comply with the requirements of the court. The progressive increase in the length of the pleadings is

mute evidence of the plaintiff's vain struggle to comply.

In Bates Pleading etc, at 524, it is stated:

"But if the amendment has added facts in a bona fide effort to state a cause of action, the motion to strike will not lie for it is not a proper way to test sufficiency."

And in Phillips on Code Pleading, at page 261, it is stated that:

"Where an objection to a pleading is based, not upon an irregularity connected with its filing, nor upon a matter pertaining to its form merely, but upon its alleged insufficiency in matter of substance, the objection must be taken by demurrer, and not by motion to strike from the files."

This would seem to be particularly appropriate when a litigant is faced with the hazard of a dismissal of his action.

In 18 C. J. 1181, we find it stated that:

"Where some of the counts state a good cause of action, the complaint should not be dismissed because the amendment to other counts includes matters which the court had directed stricken."

In 1 Bates' New Pleading, Practice, Parties & Forms, 524, it is said:

"If an order to make a petition definite specifies in what particulars, failure of the amended petition to comply may be reached by motion to strike off. But if the order failed to specify, the remedy is motion to make more definite and not to strike off for non-compliance with the order."

In Long v Hunter, 48 S. C. 179, 26 S. E. 228, the court reviewed an order striking an amended complaint from the files and dismissing the action for failure to comply with an order to set out each cause of action separately in the form of a "plain and concise statement of the facts." In reversing the judgment, the court at page 182, said:

"The following principles are deducible from the authorities: 1st, When a party gives notice of a motion to make a complaint definite and certain the notice should specify in what particulars it should be corrected. 6 Enc. Pl. & Pr. 279;

5 Enc. Pl. & Pr. 336; 2 Wait's Pr. 487. 2d, The order granting the motion should specify in what particulars the complaint is to be amended. 6 Enc. Pl. & Pr. 279. 3d, When the order specifies in what particulars the complaint is to be amended and there is a failure to comply with the order, the complaint may be struck out on motion. 4th, When the order fails to specify in what particulars the complaint is to be amended and the allegations of the amended complaint are uncertain and indefinite the proper remedy is to make a motion to make the amended petition certain and definite, but not to strike out the amended complaint on the ground that there had not been a compliance with the order requiring in general terms that the complaint be made definite and certain."

In 6 Enc. of Pleading & Practice, 279, it is said:
"The order granting the motion should direct in what particular the defective pleading is to be amended."

And in Nischke v Wirth, 66 Wis. 319, the court held as stated in the sylabus that:

"The notice of motion and the order to make a pleading more definite and certain should state in what particulars amendment is necessary."

While it is true that the motions upon which the court acted contained many specifications, neither the journalized order nor the opinion (if that can be considered) indicated that all the specifications of all the motions had been sustained. Indeed it seems that the court was careful to limit its ruling to indicating the broad outlines of a pleading that would be acceptable. This basic indefiniteness projects itself into all the subsequent orders of the court. In 6 Enc. of Pleading & Practice, at p. 878, the rule is stated that:

"The general rule that an objection must be specifically stated, applies to a motion to dismiss."

In passing upon the validity of the order striking the fourth amended petition from the files and dismissing the plaintiff's action, we are not called upon to determine the nature—equitable or legal—of the cause or causes of action set forth in the plaintiff's fourth amended petition. The only code requirement is that every cause of action should be stated in ordinary and concise language, and it makes no distinction between legal and equitable causes. If the alle-

gations show a breach of duty causing damage, a cause of action is stated. Certainly, the cause of action arising from the dereliction of duty of a corporate director would in times past have been classified as an action at law entitling the corporation to legal relief. If that relief was inadequate, equity would have provided an additional remedy. The plaintiff was privileged to, but was not required to invoke that additional equitable remedy. If the fourth amended petition states and numbers one cause of action, equitable or legal, with sufficient definiteness and certainty, then the court was not justified in striking it from the files.

When a petition contains the statement of a single cause of action, it may be subject to a motion directed at it as an entirety, but we are quite sure that where it contains statement of more than one cause, one of which is good, a motion attacking it as an entirety should not be sustained. One sufficient cause renders it invulnerable to such an attack.

One of the chief objections to the form of the fourth amended petition is that the allegations in the inducement and in causes of action are frequently incorporated in other causes of action by reference, rather than by repetition. This method of pleading has been followed in code statutes from the beginning. In 41 Am. Juris. 365 it is said:

"Under the code system of pleading, however, the prevailing judicial opinion is that in stating several causes of action it is not necessary to repeat every general averment essential to each or common to them all, but that as to such matters, reference may be made to distinct allegations in a preceding cause of action, thereby incorporating them in a subsequent cause of action and avoiding useless repetition. If each paragraph in the plaintiff's pleading alleges facts forming a legitimate part of the cause of action, it is not subject to demurrer on the mere ground that in itself it does not set out a cause of action."

It is true that in **Eureka Fire & Marine Ins Co. v. Baldwin, 62 Oh St 368,** at 384, and in **Millikin v Heddesheimer, 110 Oh St 381** at page 391 the court arguendo, disapproves this form of pleading but what the court said was not necessary to the decision and the statements are not incorporated in the syllabus. There are other expressions favoring the method (31 O Jur 623) and it is now expressly sanctioned by §11331 GC, by which it is provided that "statements in one part of a pleading may be incorporated into another by reference to and adoption therein."

With these principles in mind, we examine the fourth amended petition.

After an inducement that sets forth the capacity of the plaintiff to maintain the action, the relation of the defendants as directors to The Guardian Trust Company and the mechanics by which the bank's business was conducted by the defendants, the plaintiff then proceeds to state his causes of action. In doing so, specifically identified allegations are incorporated into subsequent statements of causes of action.

To dispose of this case it will not be necessary to analyze each statement.

The first cause of action sets forth in perhaps unnecessary detail the inception of the relation of the bank to The Hollenden Hotel Company transaction. As we analyze it, while two notes are referred to only one loss is asserted and that relates to the note for $100,000.00, upon which an unpaid balance of $89,176.73 remained. This loss is alleged to have occurred because:

"Each of the directors attended five or more of said meetings and at such meetings in violation of his oath, as hereinbefore set forth, in derogation of his duties as director of the bank, without exercising ordinary, or any, care, diligence or business judgment, with utter disregard for the rights of the depositors, creditors and stockholders of the Bank, with full knowledge of the circumstances above set forth, and without any intention of collecting said loan from The Hotel Hollenden Company, voted in favor of approving and ratifying the action authorizing and the making of, said loan of $100,000.00 to The Hotel Hollenden Company."

Can it be doubted that if the plaintiff is able to prove that this loss resulted from such conduct a cause of action exists in favor of the stockholders, creditors, and depositors of this bank? The answer to this question seems obvious. A cause of action is clearly stated.

The same observation can be made with reference to the following thirty-one statements of causes of action, the only difference, worthy of notice here, is that the advancement was made in some instances as trustee and in the others out of bank funds. Whether in those instances in which the funds were advanced as trustee any loss resulted to the bank, it is not necessary to determine here.

It is also unnecessary to determine whether the thirty-third, thirty-fourth and thirty-fifth counts state causes of

action. No specific loss is alleged, and whether the losses indicated are recoverable damages need not be considered at this time. The thirty-sixth count clearly alleges a loss of $175,000.00 on a guaranty of The Vincent Building Company made by these defendants on behalf of the bank which it was authorized by law to make.

The remaining counts excepting the last relate to losses sustained or liabilities incurred by reason of the action of these directors as set forth in paragraph 23 of the first cause of action in the bank's activities in selling its mortgage bonds and land trust certificates to trust estates of which it was fiduciary, and in paying dividends out of capital. Specific allegations of dereliction of duty are found in these statements. The last count seems to have been incorporated primarily as the basis for a claim of damages of a general nature. Whether such damages are recoverable need not be decided. Assuming that it does not state a cause of action either at law or for an accounting, its presence does not make the whole pleading vulnerable to a motion to strike from the files followed by a dismissal of the action.

It is noted that none of these counts except the last contains a prayer for relief, but the prayer is no part of the statement of the cause of action. Glass Co. v Stoehr, 54 Oh St 157 at 163. And where several causes of action are joined, the better practice is to place the prayer at the end of the pleading. 31 O. Jur. 628.

We take notice that some of the motions are in the alternative to require the plaintiff to separately state and number and to make definite and certain, in the event the motion to strike from the files should be overruled. The court, of course, did not pass upon the alternative motion to make definite and we do not pass upon the question raised except to the extent necessary in order to pass upon the motion to strike and to dismiss.

Our conclusion is that the court erred in sustaining the motion to strike the fourth amended petition from the files and in dismissing the action.

There is another subject that must be considered.

There were sixty-two defendants originally, twenty of whom were dismissed from the action. Later, the plaintiff moved for leave to file separate fourth amended petitions against twenty-one of the remaining defendants and to have separate actions docketed as to each. The court refused this leave. The plaintiff announced at the time that if such leave was refused he would not charge these twenty-one, but would confine his allegations to stating causes of action against the

remaining twenty-one, as to whom he had not requested a severance. And the fourth amended petition was so confined, and this was followed not by a dismissal of the action as to the twenty-one named in the fourth amended petition but generally, which, of course, was as to all defendants.

The twenty-one defendants not named in the fourth amended petition were served with copies of brief by appellant, but have filed no briefs, it being contended on their behalf that they were not parties to the action at the time the dismissal was entered, and, therefore, not parties to this appeal.

It is clear that the plaintiff did not intend to dismiss his action against the twenty-one defendants not named or charged in the fourth amended petition. It would be a distortion of his acts and words to import any such meaning into them. At that very time he was attempting to prosecute an appeal from an order refusing severance in order that he might continue to pursue his remedy under the service of summons or appearance in this action. There was no actual intent to dismiss them. There was no announcement—formal or otherwise—of such an intent. The court records show no such action by the plaintiff. The court took no action and no costs were paid or adjudged. The question presented is whether the filing of this fourth amended petition, ipso facto, and contrary to the actual intent, operated as a discontinuance of the action as to the defendants not named in it. There is no statutory provision attaching such effect and we know of no non-statutory rule that does. The statutory provision relating to dismissals is section 11586, GC, and it is wholly inapplicable to this situation. We believe the Ohio law on the subject of dismissals—voluntary and involuntary—is correctly set forth in 14 O Jur. 326 from which we quote:

"Under subdivision (6) of §11586 the clerk of the Court where the plaintiff in vacation dismisses an action on payment of costs, is directed forthwith to make an entry thereof on the journal, whereupon, the dismissal shall take effect; but the clerk of the court manifestly has no right, under subd. (6) to make an entry of dismissal during a term of the court. Authority by a familiar rule of construction, to effect a dismissal under subd. (1) must be other than an entry by the clerk. All other applications for dismissal must be made to the court. A plaintiff may appear in open court and apply for a dismissal; and in such case the court has no alternative but to dismiss the case, unless the rights of other parties are

involved. Every court speaks through its journal and no attempt to dismiss a pending case under §11586 becomes effective until an order to that effect is duly entered upon the journal of the court. Moreover, the entry of dismissal in term must be made by the court and not by the clerk."

We are of the opinion that the twenty-one defendants who were not named, as well as the twenty-one who were named in the fourth amended petition were parties to the action at the time the judgment of dismissal was entered on March 3. 1943, and are parties to this appeal.

Now, did the court err in refusing to order a severance?

The statutory basis is found in §11312 GC, by which it is provided, that:

"When a demurrer is sustained on the ground of misjoinder of several causes of action, on motion of the plaintiff the court may allow him with or without costs, to file several petitions, each including such of the causes of action as might have been joined; and an action shall be docketed for each of the petitions, and be proceeded in without further service."

It is argued that there has been no demurrer in this case and that the sustaining of a demurrer on the ground of misjoinder is a condition precedent to the right to ask for a severance. We do not think this argument is valid. It regards the means by which the reason for the severance is disclosed rather than the reason itself. The reason the severance is desired is that the defendant or defendants object to having controversies affecting different parties. commingled and tried together. How that objection is made known should be, and we think is immaterial.

It is true that the statute mentions demurrer as the means by which the objection is made, and that is the appropriate method and the only method expressly provided by statute. But Ohio courts, while not approving the practice, have considered issues raised by motions which, strictly speaking, should have been raised by demurrer, and have done this to facilitate justice and under the mandate to disregard insubstantial defects. **31 O. Jur. 853** et seq; **State ex rel Smith v Young, 137 Oh St 319.**

Now, can it be doubted that when a court permits the issue of misjoinder to be raised by motion and sustains it that the situation thus created calls for a consideration of the right to a severance? If the court treats the motion as a demurrer to invalidate the plaintiff's petition, should it treat it differ-

ently in determining the applicability of §11312 GC? Or, should a defendant by styling his method of attack a motion, instead of a demurrer, be permitted to prevent the application of the section? To do so would sacrifice substance for form and could only be done by complete disregard of the purpose of the section. The General Assembly had no such intent.

When a defendant objects to a misjoinder, no matter how, and the court sustains the objection, an occasion arises for a severance, if requested. We can think of no circumstances justifying a denial of the right where it appears that meritorious causes of action may exist.

But before a motion may be treated as a demurrer on the ground of misjoinder, it must present the same issue that would have been presented by such a demurrer. By demurring on the ground of misjoinder, a defendant in effect says that he should not be required to answer or otherwise proceed in the action because of the misjoinder. And the effect of sustaining his objection is to effect the dismissal of the action as to the objecting defendant or the elimination of all causes of actions against co-defendants to which he is not a party. It is not a mere objection to the form of stating causes of action. The causes of action may be flawlessly alleged. The objection is that the causes of action are improperly joined.

Now the motions of the defendants do not purport to be on the ground that causes of action are improperly joined. They are motions to make definite and certain and to separately state and number. It is true that the defendants seek to have causes of action so stated as to show which defendants are charged with liability thereby and separately stated and numbered, so that each defendant could determine as to which causes of action to plead, demur or move, but the motions do not indicate that the defendants are objecting to being called upon to defend an action which is commingled with other actions against other defendants, with which they are not concerned. It is for that reason that we are of the opinion that the court would not be justified in treating these motions as demurrers on the ground of misjoinder and the orders sustaining them as a ruling that causes of action against several defendants were improperly joined. All the court did require was that the petition be made definite and certain and the causes of action separately stated and numbered. While the subject of misjoinder was discussed in reaching a conclusion to sustain the motion, there was no motion raising that issue and no order invalidating the pleading on that ground.

For these reasons the judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, P. J., HILDEBRANT J., concur.