Zimmerman, J.
 

 As has already been indicated, this appeal is prosecuted solely by part-period directors of The Guardian Trust Company who were included-in the original petition and in three amended petitions subsequently filed.
 

 Appellants contend (1) that the action was voluntarily dismissed as to them on January 14, 1943, when
 
 *270
 
 the fourth amended petition was filed and they were not included therein; (2) that a contrary holding by the Court of Appeals deprived them of their property without due process of law, in contravention of their constitutional rights; (3) that the judgment entered in the Court of Common Pleas on March 3,1943, striking the fourth amended petition from the files and dismissing the action was not reviewable as to them; and (4) that no appeal was perfected as to them.
 

 At the outset we are met by the question — can the contentions made be reached and decided on the record before us?
 

 Section 12223-5, General Code, provides :
 

 “The notice of appeal shall designate the order, judgment, or decree appealed from and whether the appeal shall be on questions of law or questions of law and fact. * * * ”
 

 We note that the superintendent appealed on questions of law and, in the notice, limited his appeal to the “judgment and final order rendered and made by the Court of Common Pleas in the above entitled cause, on the third day of March, 1943.” The “judgment and final order” referred to struck the fourth amended petition from the files and dismissed the action.,
 

 • In its journal entry of February 16, 1944, the Court of Appeals stated:
 

 “* * * ^ judgment of the said Court of Common Pleas is reversed, because said court on March 3,1943, erred in sustaining motion of defendants [the full-period directors] to strike the fourth amended petition from the files, and in striking the fourth amended petition from the files, and in dismissing said action, and this cause is remanded to said Court of Common Pleas for further proceedings according to law. * * *”
 

 The fact, as asserted by counsel, that immediately following the judgment of reversal the superintendent filed an amendment to his fourth amended petition in
 
 *271
 
 the Court of .Common Pleas, charging, the appellants herein with mismanagement of the bank’s affairs, is not properly a part of the record before us.
 

 No principle is better established in Ohio than that a court of record speaks only through its journal.
 
 State, ex rel. Industrial Commission,
 
 v.
 
 Day, Judge,
 
 136 Ohio St., 477, 26 N. E. (2d), 1014;
 
 Brown, Admx.,
 
 v.
 
 L. A. Wells Construction Co.,
 
 143 Ohio St., 580, 583, 56 N. E. (2d), 451, 453.
 

 True, the Court of Appeals did say in its written opinion that appellants had not been dismissed from the action; that they were carried forward on the superintendent’s appeal; and that the court below did not err in refusing to order a severance. However, that opinion does not constitute an order or judgment and forms no part of the record.
 
 State, ex rel. Sherwood,
 
 v.
 
 Hoffman, Judge,
 
 95 Ohio St., 144, 117 N. E., 10; 11 Ohio Jurisprudence, 758, Section 109; 4 Corpus Juris Secundum, 1209, Section 734.
 

 Confining ourselves to the judgment entry of the Court of Appeals, as we must, we find that such court adjudged solely that it was error on the part of the lower court to strike the fourth amended petition from the files and dismiss the action. Since appellants were excluded from such amended petition and were consequently not affected thereby, they are not presently in a position to ask this court to decide the questions they pose in their assignments of errors.'
 

 Upon the record then, the only action this court can take is to dismiss the appeal.
 

 Appeal dismissed.-
 

 Weygandt, C. J., Matthias, Hart, Bell, Williams and Turner, JJ., concur.