Bell, J.,
 

 dissenting. Sometime prior to May 1, 1944, there was filed with the Public Utilities Commission of Ohio (hereinafter called the commission), upon behalf of Atlantic Greyhound Corporation, a ‘ ‘ tariff containing schedule stating new individual and joint routing affecting service and routing to become effective on May 1, 1944, designated as follows: Buie No. 18 — First Bevised Page A.-8 to P. U. C. O. No. 14 issued by C. J. Bandall, agent.”
 

 On April 24, 1944, upon complaint of The Valley Public Service Company, the commission made an order suspending the operation of such schedule and assigned the matter for hearing.
 

 
 *368
 
 After hearing the commission rendered what is designated “Report and order of the Commission” in which it made a number of findings. However the only order which was made reads as follows:
 

 “Ordered, that suspended Rule 18, First Revised Page A-8 to P. U. C. O. No. 14, issued by C. J. Randall, agent, be, and hereby it is, found to be not in accord with the requirements of this commission as to the publication of ‘routing’ and, therefore, shall be cancelled, without prejudice to the filing of routing instructions, in accordance with the rules and regulations of this commission in connection with joint fares, upon statutory notice, and to provide joint fares and-routing, in connection with Atlantic Greyhound Corporation, as set forth in the findings herein.”
 

 The relief sought by appellant was the cancellation of the proposed tariff and that relief was granted.'
 

 We are confronted here with an anomalous situation. Appellant files an appeal from the order of the commission in its favor. An appeal may be prosecuted from a judgment or final order of a court or administrative tribunal
 
 only
 
 when such judgment or order adversely affects the rights of the appellant.
 

 The tariff having been cancelled, appellant’s rights were not affected by any of the findings of the commission and consequently it is not presently in a position to prosecute an appeal. This appeal should be controlled by the same principles applied in the case of
 
 Squire, Supt. of Banks,
 
 v.
 
 Guardian Trust Co.,
 
 144 Ohio St., 266.
 

 In conformity with the provisions of Section 614-93a, General Code, the commission granted authority to file new routing instructions in connection with joint fares and further provided that statutory notice should be given. If and when new routing instructions are filed, appellant must be given the statutory notice and then will be entitled to be heard.
 

 
 *369
 
 The majority opinion refers to Section 12223-2, General Code, as to what is a final order.
 

 The only order made by the commission, final or otherwise, was that the tariff: should be cancelled.
 

 The case of
 
 Ohio Contract Carriers Assn., Inc.,
 
 v.
 
 Public Utilities Commission,
 
 cited in the majority opinion, holds that appeal lies only to correct errors injuriously affecting the appellant.
 

 This tariff has never been, nor is it now in effect and appellant cannot be injuriously affected by a nonexistent tariff.
 

 Upon the record before us the present appeal should be dismissed.