**SQUIRE, Supt. of Banks, v. GUARDIAN TRUST CO. et al.**

Common Pleas Court, Cuyahoga County.

No. 438880.   Decided May 18, 1945.

Hugh S. Jenkins, Atty. Genl., Columbus, Davis & Young, Krueger, Gorman & Davis, Cleveland, for appellant.

Thompson, Hine & Flory, Cleveland, for appellees R. H. Bishop, Jr., O. W. Prescott, A. L. Stone, and G. G. Wade.

Jones, Day, Cockley & Reavis, Cleveland, for appellee William G. Mather.

Squire, Sanders & Dempsey, Cleveland, for appellees Dean, Gill, McIntosh, Patterson, Petrequin, Rossiter and Whelan.

Baker, Hostetler & Patterson, Dorn & Merry, Cleveland, for appellee Edward S. Rogers.

Garfield, Baldwin, Jamison, Hope & Ulrich, Cleveland, for appellee Tillotson.

Grossman, Carter, Hamilton & Rosenman, Cleveland, for appellee Marc J. Grossman, executor of Louis J. Grossman.

Clinton Dewitt, Cleveland, for appellee Brooks.

Roscoe M. Ewing, Cleveland, for appellees Robinson and Edgar D. Rogers.

Frank H. Pelton, Cleveland, for appellees House and Monks.

Andrews, Hadden & Putnam, Cleveland, for appellee Hanna.

Boyd, Brooks & Wickham, Cleveland, for appellee Dale.

McKeehan, Merrick, Arter & Stewart, Cleveland, for appellee Eide.

W. Edmund Peters, Cleveland, for appellee Bowman.

Henry H. Pleasant, Cleveland, for appellee Kline.

**OPINION**

By McNAMEE, J.

This is the second series of motions attacking the fourth amended petition which have been filed by defendants, A. W. Dean, L. C. Hanna, Jr., and H. P. McIntosh, Jr. In January, 1943, these three defendants, together with defendant Edward A. Petrequin, filed motions asking that the fourth amended petition be stricken because of plaintiff's alleged failure to comply with previous orders of the court. This request was granted on March 3, 1943, at which time the court also dismissed the action.

On February 16, 1944, 66 N. E. 2d 651, the Court of Appeals reversed the Common Pleas Court's judgment of March 3, 1943. After an unsuccessful attempt to secure a review of the Court of Appeals' decision in the Supreme Court, 143 Oh St. 515, 55 N. E. 2d 805; 144 Oh St 266, 58 N. E. 2d 651, these moving defendants, pursuant to leave of court, filed the above styled motions.

Although represented by the same counsel as the parties to this motion, defendant Edward A. Petrequin did not join therein but filed a demurrer attacking the sufficiency of the fourth amended petition upon several grounds.

The original petition was filed December 30, 1935. It is 38 pages in length and contains but one cause of action. Motions to separately state and number and to make the original petition definite and certain, filed by these and other defendants, were granted in 1937. At the same time motions to strike out parts of the original petition were overruled.

Subsequently, upon motions filed by various defendants the amended, second amended, third amended and fourth amended petitions were stricken from the files.

In reviewing this court's action in striking the fourth amended petition from the files, the Court of Appeals said:

"In view of the manifold objections to the form of the petition and the general and indefinite terms of the order sustaining the objections, it would have been impossible for anyone to assert with any confidence that any given

amended pleading would comply with the requirements of the court. **The progressive increase in the length of the pleadings is mute evidence of the plaintiff's vain struggle to comply.**" (Emphasis ours.) (Pages 37 and 38 Compilation of Entries.)

In explanation of the foregoing statement of the Appellate Court it should be noted that the amended petition contained 15 causes of action. The second amended petition was subdivided into 60 causes of action, the third amended petition included 61 causes and the fourth amended petition sets forth 97 separately stated and consecutively numbered causes of action.

There can be no doubt that the plaintiff has endeavored in good faith to comply with the previous orders of this court and has attempted to meet and obviate the multifarious objections to his pleadings which have been made by these and other defendants. In his efforts to segregate and enumerate the several causes of action and to make his pleading definite and certain plaintiff has elaborated his statement to the point of extending the fourth amended petition to the unprecedented length of 380 pages. Surely he ought not to be required further to increase the dimensions of this enormous pleading unless the ends of justice imperatively demand it.

The fourth amended petition is not a model pleading. It requires no microscopic examination to discover defects therein, but under the handicap of orders heretofore made, that were indefinite and general in nature, plaintiff has accomplished a substantial improvement in his statement of the case. The fourth amended petition specifies and enumerates the principal transactions upon which the several causes of action are predicated and sets forth definitely and in detail the factual bases of the several complaints. That it could be improved further is not open to argument but an atomization and extension of it, as sought by defendants' motions, is not the corrective to be prescribed at this belated hour.

Criticism of the redundant and inconsistent conclusory statements in the closing paragraphs of many of the causes of action is well taken. The profusion of descriptive phrases characterizing defendants' alleged conduct is for the most part unnecessary. It does not appear, however, that the proper remedy is to require plaintiff to subdivide the several causes of action stated in the fourth amended petition into additional causes each based upon the constituent elements of this redundant phraseology.

Defendants read into these conclusions, causes of action for "deceit" based upon the alleged misleading system of bookkeeping and misleading reports. The Court is unable to find such causes of action stated.

There are no averments that the Superintendent of Banks, the creditors or stockholders relied upon such a "system" or on such "reports" to his or their injury or damage. The allegations in the inducement with respect to the alleged misleading system of bookkeeping and misleading reports may or may not be relevant to the ultimate facts upon which the various causes of action are based, but they do not allege a cause founded upon "deceit." This fact is conceded by plaintiff in his brief in opposition to the demurrer of defendant Petrequin, wherein he said:

"This neglect would make it difficult to answer in short compass the claim of the defendant, were it not for the fact that no Cause of Action is brought for 'damages for deceit of' anyone." (Plaintiff's brief in opposition to demurrer, page 4.)

The Court of Appeals in its opinion at page 42 of the "Compilation of Certain Entries" quoted paragraph 23 of the first cause of action, which contains these conclusory statements, and then observed:

"Can it be doubted that if the plaintiff is able to prove that this loss resulted from such conduct a cause of action exists in favor of the stockholders, creditors and depositors of this bank? The answer to this question seems obvious. A cause of action is clearly stated." (Page 43 of "Compilation of Entries.")

Manifestly, the Court of Appeals understood the language complained of as embracing but one cause of action.

The request to strike out parts of the fourth amended petition is the first application of this character made by these moving defendants since 1937. After Judge Hurd overruled the original motion to strike out, Ohio Com. Pl., 2 Ohio Supp. 152, these defendants, in filing motions attacking prior amended petitions, made no application to strike out parts thereof, although such former pleadings contain language similar to or indentical with the language sought to be stricken by the present motions.

Defendants therefore cannot be heard on these requests at this late date. If these requests were considered, how-

ever, the Court is of the opinion that the correct guide to proper judicial action is to be found in the statement appearing in **31 O. Jur., page 904, Section 304:**

"If, therefore, a pleading as it stands is not obscure, no good will be accomplished in striking out statements that appear to be redundant; in other words, it cannot be prejudicial to refuse to strike out redundant and irrelevant matters if they in no way embarrass the objecting party in sustaining his claim or making his defense. Likewise, the motion should be overruled if the allegation complained of might become material on the trial of the case."

Again, and with special reference to the request to strike entire causes of action, the following statement from **31 O. Jur., page 903, Section 304,** is pertinent:

"* * * if the purpose of the motion is to strike out the entire defense, or claim, it is taking the place of a demurrer, a practice that ought not to be permitted."

With respect to the application to make definite and certain, the Court is of the opinion that the allegations of the fourth amended petition apprize the defendants of the nature of the charges against them with sufficient clarity to justify the overruling of these requests. Whether plaintiff alleges causes of action ex delicto or ex contractu—whether causes of action are stated—what statute of limitations applies, these and other important legal questions, should be presented and decided at the earliest possible date in appropriate proceedings for such purposes. This case has been pending for an inordinate length of time. All counsel, I am sure, will concur in the view that the little progress made towards its determination constitutes a serious indictment of the efficiency of our judicial system. The Court is no less concerned for the rights of all parties to this lawsuit than the lawyers who represent the plaintiff and all of the defendants, but the Court is also mindful of the imperative constitutional mandate to administer justice without denial or delay.

For the foregoing reasons the motions of the defendants will be overruled as to all requests. Exceptions noted.