**PUCKETT, Plaintiff-Appellee v. ARMBRUST, dba Armbrusts Concrete Products, Defendant-Appellant.**

Ohio Appeals, Second District, Greene County.

No. 551.   Decided March 5, 1955.

Pickrel, Schaeffer & Ebeling, Richard H. Packard, of Counsel, Dayton, for plaintiff-appellee.

Smith, McCallister & Gibney, Xenia, and Harshman, Young, Colvin & Alexander, Mr. Robert C. Alexander, of Counsel, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court for Greene County sustaining the plaintiff-appellee's motion for a new

trial. The action was one for personal injuries arising out of a collision between two trucks, in one of which the plaintiff-appellee was a passenger.

A general verdict was returned in favor of the defendant. The motion was grounded upon the following reasons:

(1) That the judgment is not sustained by sufficient evidence.

(2) That the judgment is contrary to law.

(3) That errors of law occurred at the trial which were excepted to by the plaintiff.

The entry sustaining the motion is general; hence, it may be assumed for the purposes of considering this appeal that the Court found for the plaintiff-appellee on one or all of the grounds enumerated in the motion. The record discloses that there was a substantial conflict in the testimony relating to contributory negligence on the part of the plaintiff. Under such a state of the record it may not be said that the trial court abused its discretion in sustaining the motion. All of the defendant's testimony on this question was of a negative character, which the Court could have considered as having little or no weight as compared with the positive testimony offered on behalf of the plaintiff-appellee. In **Clark v. Baltimore & Ohio Rd. Co., 64 Abs 431**, the second paragraph of the syllabus reads as follows:

"Where a witness testifies that warning signals were not given or that he did not hear such warning signals, and it appears that the witness was not listening to hear such signals or not paying attention as to whether they were given or not, such testimony is negative, and in the face of substantial uncontradicted testimony that the signals were given, the evidence is not sufficient to present to the jury the question as to whether such signals were given."

See, also, **Hicks, Admr., v. Baltimore & Ohio R. R. Co., 160 Oh St 307.**

The defendant-appellant relies solely upon alleged statements made by the trial judge in his opinion in sustaining the motion but which are not a part of the bill of exceptions. Such matter may not be taken into consideration by a reviewing court. In **Treiber v. Jaster, 55 Oh Ap 64**, it is said:

"In the bill of exceptions filed in this case there is no evidence of any sort relating to the ground or grounds upon which the court acted in granting either of these new trials. Counsel for appellant in his brief quotes what purports to be the opinion of the trial judge in granting the second new trial. If such an opinion was handed down by the trial judge it is sufficient to say that it has not been brought into the record, and this court cannot consider it to supply a fact not otherwise appearing in the record."

The appellant cites **In re Estate of Spidel, 64 Abs 71**, by this Court, to support his contention, but we are unable to agree with his conclusion. On page 74 we say:

"We have been favored with the opinion of the trial judge which discloses appreciation and careful consideration of the questions involved in his order. We, of course, do not and cannot consider this opinion as findings of fact and law or as the order appealed from, but, it is of value insofar as it sets forth the reasons supporting the conclusion reached."

We think this statement is in accord with the authorities cited by the appellee. It merely adds, however, that the opinion is of some value to the Court in arriving at its own conclusion. Certainly if it contains authorities pertinent to the issues presented the Court would welcome such assistance, but as stated supra, it "cannot consider this opinion as findings of fact and law * * *."

We find no abuse of discretion on the part of the trial court and the judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.