IN RE ESTATE OF GARDNER.

(No. 195—Decided December 10, 1959.)

*Messrs. Webster & Fultz*, for appellee.
*Messrs. Cherrington & Cherrington*, for appellants.

COLLIER, J. This is an appeal on questions of law directed to a judgment of the Common Pleas Court of Meigs County, sustaining certain exceptions to the inventory and appraisement filed in the Probate Court of that county in the estate of Frank Gardner, deceased. The Probate Judge having some interest in the estate, the cause was certified to the Common Pleas Court under the provisions of Section 2101.38, Revised Code.

The two exceptions to the inventory and appraisement sustained in the trial court, related to the allowance of the widow's claim for her year's support under the provisions of Section 2117.20 et seq, Revised Code, and her claim of property exempt from administration under the provisions of Section 2115.13, Revised Code.

Appellant has filed no bill of exceptions or stipulations of facts. The record does not disclose how the issues were submitted in the court below. In the written opinion of the trial court, the exceptions were sustained on the ground that the statute of limitations had outlawed the widow's claims and that, by reason of the lapse of time and circumstances, her claims had become stale. In our opinion, a proceeding of this kind contemplates a hearing on the evidence or, in lieu thereof, a stipulation of an agreed statement of facts. In the absence of one or the other, in an appeal on questions of law, a reviewing court cannot take cognizance of facts, dates, and figures set forth in the applications for such claims.

It is well established that where the record consists only of pleadings and journal entries in the lower court and the question cannot be determined by such record, a reviewing court has no alternative but to affirm the judgment. 4 Ohio Jurisprudence (2d), 565, Section 1202; *In re Lands, Lots or Parts of Lots*, 146 Ohio St., 589, 67 N. E. (2d), 433 (a Meigs County case).

Without a bill of exceptions before us, we must indulge a presumption that the trial court had before it sufficient evidence to sustain the judgment. For this reason alone the judgment must be, and is, affirmed.

*Judgment affirmed.*

GILLEN, P. J., and RADCLIFF, J., concur.

(Decided February 29, 1960.)

ON MOTION for rehearing.

*Per Curiam.* This cause is before the court upon appellant's motion for a rehearing. Appellant contends that a bill of exceptions is not necessary to disclose the errors complained of and that this court may consider statements in the brief of appellee and the opinion of the trial court for the purpose of determining the facts as well as the grounds of the decision of the trial court.

The judgment entry in the lower court reads,

"This cause came on to be heard upon items 7 and 9 of the Exceptions to the Inventory and Appraisement * * * having been submitted to the court for ruling by oral stipulation by attorneys for the administratrix and attorneys for Hazel Grate * * *. Upon consideration, the court finds items 7 and 9 well taken and should be sustained," etc.

It will be observed that the cause was submitted to the trial court upon an oral stipulation which apparently was never reduced to writing. In the absence of a bill of exceptions, we have no way to determine what facts were orally agreed upon between the parties in the hearing in the lower court.

In defining and giving the purposes of briefs, 3 Ohio Jurisprudence (2d), 469, Section 556 reads:

"However, a brief is not intended as a means of supplying omissions in the record and the appellate court will not regard facts asserted in the briefs of counsel but absent from the record."

And 3 Ohio Jurisprudence (2d), 266, Section 359 reads as follows:

"'* * * A Court of Appeals can look only to the judgment entry and the pleadings in reviewing a claimed error where there has been no agreed statement of facts nor bill of exceptions filed; * * *

"In light of the well-established rule that the decision of a reviewing court must be based upon the evidence shown in the record, the Courts of Appeals will not consider any evi-

dence or facts extraneous to the bill of exceptions, whether the same appear in the petition, the brief of the parties, argument of counsel, or be brought to the attention of the court in any other manner.''

Appellant strongly urges that this court may rely upon the opinion of the lower court to ascertain the facts as well as the grounds upon which the judgment is founded. It is true that a reviewing court often examines the opinion of the trial court for the purpose of ascertaining the grounds for that court's conclusion, but the opinion of the trial court is not under review. It is the judgment of that court and not its opinion that is the subject of review. A reviewing court can not consider the opinion of the lower court to supply an omission in the record, for the reason the court's opinion forms no part of the record. This is the extent of the ruling in *Andrews* v. *Board of Liquor Control*, 164 Ohio St., 275, 131 N. E. (2d), 390, cited and relied upon by appellant.

In the case of *In re Spidel*, 64 Ohio Law Abs., 71, 110 N. E. (2d), 718, the first headnote reads as follows:

''While an appellate court cannot consider the opinion of the trial court as findings of fact and law or as the order appealed from, it may be used for the purpose of showing the reasons supporting the conclusions of the trial court.''

And in *Puckett* v. *Armbrust*, 71 Ohio Law Abs., 232, 130 N. E. (2d), 727, it is said in the third paragraph of the headnotes:

''Alleged statements made by the trial court in his opinion in sustaining a motion for a new trial which are not a part of the bill of exceptions may not be taken into consideration by a reviewing court on an appeal from the order granting a new trial.''

A record on appeal is defined in 3 Ohio Jurisprudence (2d), 274, Section 366, as follows:

''* * * the record on appeal consists of pleadings, transcripts, journal entries, and bill of exceptions.''

No principle is better established in Ohio than that a court's opinion does not constitute an order or judgment and forms no part of the record. *Sherwood* v. *Hoffman*, 95 Ohio St., 144, 117 N. E., 10; *State, ex rel. Industrial Commission,* v. *Day,* 136

Ohio St., 477, 26 N. E. (2d), 1014; *State* v. *DeRighter*, 145 Ohio St., 552, 62 N. E. (2d), 332. In *Squire, Supt.*, v. *Guardian Trust Co.*, 144 Ohio St., 266, 58 N. E. (2d), 651, Judge Zimmerman, speaking for the court in refusing to consider facts stated in a written opinion of the Court of Appeals, said:

"True, the Court of Appeals did say in its written opinion that appellants had not been dismissed from the action; * * * However, that opinion does not constitute an order or judgment and forms no part of the record. * * *"

The instant case, being a hearing on exceptions to an inventory and appraisement in the Probate Court, is a law proceeding, and the cause is in this court as an appeal on questions of law. The judgment entry discloses that the issues were submitted to the trial court upon an oral agreed statement of facts which, in the absence of a bill of exceptions, are unknown to this court. Our decision must be based upon the same facts considered by the trial court and shown by the record. This court cannot consider any evidence or facts extraneous to the record, whether the same appear in the application for the allowances to which exceptions were filed, the briefs of the parties, argument of counsel, opinion of the trial court, or brought to the attention of the court in any other manner. 3 Ohio Jurisprudence (2d), 267, Section 359.

Upon the authorities above cited and for the reasons above stated, the motion for a rehearing should be denied.

We deplore the result of the affirmation of this case. See *In re Estate of Gardner*, 81 Ohio Law Abs., 250, 160 N. E. (2d), 20. It is to be regretted that a rule of procedural law deprives this court of the authority to correct that which to us is an erroneous interpretation of the substantive law. *Qui non negat, fatetur.*

*Motion denied.*

GILLEN, P. J., COLLIER and RADCLIFF, JJ., concur.