CLARKE, ESTATE OF, IN RE. BOWERS, TAX COMMISSIONER, APPELLANT, *v.* ZIEGLER, ADMX., APPELLEE.

Ohio Appeals, Fourth District, Scioto County.

No. 729.   Decided May 10, 1962.

*Mr. Mark McElroy,* attorney general, and *Mr. Joseph L. White,* assistant attorney general, for appellant.

*Mr. William L. Howland* of *Messrs. Bannon, Howland, McCurdy & Dever,* for appellee.

COLLIER, J.   This is an appeal on questions of law from a judgment of the Probate Court of Scioto County, sustaining the motion of Helen C. Ziegler, Administratrix of the estate of

Calvin Clarke, deceased, to dismiss the Supplemental Application of Stanley J. Bowers, Tax Commissioner of Ohio, to determine resident inheritance tax in said estate.

The appellant, the tax commissioner, sets forth ten assignments of error. No bill of exceptions was filed. The judgment entry, from which the appeal was taken, reads, in part, as follows:

"This cause came on to be heard upon the Supplemental Application to determine resident inheritance tax * * *, the motion of Helen C. Ziegler, Administratrix, to dismiss said application, *and upon the evidence*. Upon consideration whereof the court finds that said motion of said administratrix is well taken and should be sustained and the Supplemental Application dismissed." (Emphasis added.)

It will be observed that the judgment of the Probate Court was based upon a finding of facts after a consideration of the evidence. In an appeal on questions of law, in the absence of a bill of exceptions, the evidence considered by the trial court is not before this court. As stated in 3 Ohio Jurisprudence (2d), 266, Section 359, "A Court of Appeals can look only to the judgment entry and the pleadings in reviewing a claimed error where there has been no agreed statement of facts or a bill of exceptions filed." See also *Re Estate of Gardner*, 112 Ohio App., 462, a decision by this court.

Section 5731.20, Revised Code, under the provisions of which appellant claims authority for filing the Supplemental Application for additional assessment of taxes provides, "*Where it is shown to the satisfaction of the Probate Court* that deductions for debts were erroneously allowed or that assets exist which were not taken into consideration when the tax was determined, such court may enter an order, etc." In the absence of a bill of exceptions we must indulge the presumption that the trial court had before it sufficient evidence to sustain the judgment of dismissal of the Supplemental Application of the tax commissioner. The judgment of the Probate Court must be and hereby is affirmed.

Judgment affirmed.

RADCLIFF, P. J., BROWN and COLLIER, JJ., concur.