JENKINS, APPELLEE, v. JENKINS, APPELLANT.

(No. 728—Decided May 23, 1962.)

*Messrs. Bannon, Howland, McCurdy & Dever,* for appellee.
*Messrs. Kimble, Schapiro, Stevens, Harsha & Harsha,* for appellant.

RADCLIFF, P. J.  This is an appeal from the overruling of a motion for a new trial in a divorce case based solely on the fact that the trial court erred in holding that a bedroom suite did not include the springs and mattress.  In the decree of divorce the trial court ratified the division of the property made by the parties.  When the defendant, appellant herein, went to get the bedroom suite, the springs and mattress were denied her.  She filed a motion in contempt, which the court overruled, then the motion for a new trial above referred to.

There is no bill of exceptions in this case.  The defendant submitted a proposed narrative bill which was never approved or authenicated.  The plaintiff, appellee herein, then submitted an amended narrative bill which was never authenticated or certified.

In the entry granting the divorce and dividing the property of the parties hereto the trial court used this language:

"This cause came on to be heard upon the petition of the plaintiff, Roland B. Jenkins, the answer and cross petition of the defendant, Ann Elizabeth Jenkins, *the evidence* and presentation of counsel * * *."  (Emphasis ours.)

The entry overruling the motion in contempt and the motion for a new trial used this language:

"The court being fully advised in the premises."

It will be observed that the trial court entered a judgment which was based on a finding of facts after consideration of some evidence. In an appeal on questions of law, in the absence of a bill of exceptions, the evidence considered by the trial court is not before this court. As stated in 3 Ohio Jurisprudence (2d), 266, Section 359:

"* * * a Court of Appeals can look only to the judgment entry and the pleadings in reviewing a claimed error where there has been no agreed statement of facts nor bill of exception filed * * *."

See, also, *In re Estate of Gardner*, 112 Ohio App., 462.

Examining everything available as to the property and the question of law involved herein, of course all dehors the record, as there is none, we suggest a situation such as this, must have caused Plato to write:

"Nothing is more unworthy of a wise man, or ought to trouble him more, than to have allowed more time for trifling and useless things than they deserved."

Had this case arisen in the last decade of the Sixteenth Century, it could well have been the reason Shakespeare wrote his great comedy "Much Ado About Nothing," and certainly he must have had a matter of equal importance in mind when he wrote, "small things make base men proud," in King Henry VI, Part II, Act IV, Sc. 1, Line 106. Certainly it was a situation such as we have before us that gave rise to the maxim "*Lex non curat de minimis.*" The appeal is hereby dismissed.

*Appeal dismissed.*

COLLIER and BROWN, JJ., concur.