## Blanchard v. Youngstown
[Cite as 6 AOA 209]

Case No. 89 C.A. 189
Mahoning County, (7th)
Decided August 2, 1990

Dennis Haines, Barry Laine, Dollar Bank, 4th Floor, P.O. Box 849, Youngstown, Ohio 44503, for Plaintiffs-Appellees.

Edwin Romero, Law Director, Cheryl L. Waite, Asst. Law Director, City of Youngstown, 26 S. Phelps Street, Youngstown, Ohio 44503, for Defendants-Appellants.

O'NEILL, P.J.

This cause originated in the trial court when the appellee, William J. Blanchard, filed a complaint requesting the trial court to declare that the appellant city had no residency requirement mandating that employees of the city be residents of the city and enjoining the city from enforcing or attempting to enforce the termination of any employees in the classified service who did not live within the corporate limits of the city. Following answers, both parties filed motions for summary judgment and, coming on for disposition, the trial court found for the plaintiff-appellee and enjoined the appellant, City of Youngstown, from terminating employees on the basis of residency. A timely notice of appeal was filed therefrom.

On April 14, 1972, the City of Youngstown, through its Civil Service Commission, adopted rules concerning a residency requirement for its employees as follows:

"RULE IV APPLICATION FOR EXAMINATION

"Section 5 - CITIZENSHIP AND RESIDENCE:

"Applicants must be citizens of the United States and must have been residents of Youngstown for one (1) year immediately preceeding (sic) the date of application, except where the Commission may deem otherwise because of special skills and expert knowledge."

"Section 9 - GROUNDS FOR DISMISSAL

"* * *.

"f) Any officer or employee not residing within the City limits of Youngstown, except as otherwise provided by Rule IV, Section 5, is subject to dismissal from the service of the city.

"RULE VIII DEMOTION, SUSPENSION, REMOVAL

"Section 1- GENERAL LIMITATIONS:

"No person in the classified service shall be reduced in pay or rank, laid off, suspended, removed to (sic) otherwise discriminated against by the Appointing Authority for religious, racial, or political reasons for (sic) affiliations, or any other reason not connected with his value to the service, with the exception of Rule IV, Section 9(f) where in employees not residing within the City limits may be subject to dismissal."

We emphasize that portion of the foregoing Civil Service rules which very specifically provides that an employee not residing within the

city was subject to dismissal as provided in Section 9 of Rule IV and, further, that portion of I, Section 1 of Rule VIII which specifically referred to the foregoing Section 9 of Rule IV.

On June 29, 1981, the Civil Service Commission of the City amended extensively their previous rules. Rule XII, Section 2 specifically stated "all previous rules and regulations of the Commission are hereby rescinded."

These new rules refer to citizen and residence in Section 4 of Rule IV, which reads as follows:

"All applicant's must be citizens of the United states, or must have legally declared (sic) their intentions of becoming United States citizens; must be, or become, a resident of Youngstown to be an employee of the City of Youngstown, except when the Commission may rule otherwise in the case of an applicant with special skills and expert knowledge."

Rule IV very clearly deals with promotional examinations and competitive open examinations in the II, classified service. Section 3 of Rule IV reads as follows:

"All applicants for original appointments to positions in the classified service shall be subject to an examination which shall be public and competitive. At the request of the appointing authority, the Commission may elect to hold a non-competitive examination."

We conclude that the phrase "all applicants ***" appearing in Section 4 of Rule IV has reference to applicants for examinations for original appointments.

Rule VIII, Section 1, provides:

"No person in the classified service shall be reduced in pay or rank, suspended, laid off or removed by the appointing authority for religious, racial, or political reasons, or for any other reason not connected with the proper performance of the duties of the position."

We make note of the fact that the amendment of this rule struck therefrom the previous Rule VIII, Section 1, which specifically provided for dismissal of employees who did not reside within the city limits. Very clearly, the rules of the Civil Service Commission of the City of Youngstown make no provision requiring employees in the classified service to reside within the city limits and, furthermore, have no provision for the termination of employees in the classified service who do not live within the corporate limits of the city. To avoid this conclusion, the appellants, as a part of their summary judgment action, filed with the trial court the

affidavits of two of the civil service commissioners who signed the rules which were adopted in 1981. As a part of these affidavits, each of the commissioners state, as follows:

"2. Affiant says that he is familiar with the residency rule passed by the Youngstown Civil Service Commission in 1972 and in the modification there of in November of 1981.

"3. Affiant says that through all the discussion the Civil Service Commissioners had with staff and counsel prior to the November 1981 revision, there was never any discussion or intent to wipe out and hold for naught the civil service rules, preceding the 1981 revision.

"4. Affiant says that although the word rescinded is used in the November 1981 revision, it was copied from a prior revision and was not intended to actually rescind and erase the previous rules as though these had never existed prior to the 1981 revision.

"5. Affiant says the revision in November 1981 was only intended to amend, change or revise the rules and not actually rescind those rules."

Legally enacted rules of rule making bodies are subject to the same laws as legislated enactments. Where one or more sections of a statute are repealed and re-enacted in a different form, the fair inference generally is that a change in meaning was intended. Of course, if it is clear from the words that a change in substance was intended, the statute must be enforced in accordance with its changed form. *Allen v. Russell* (1883), 39 Ohio St. 336, 337-338. It is a cardinal rule of construction that a court must first look to the language of the statute itself to determine the legislative intent. If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpreted effort is at an end and the statute must be applied accordingly. *Sears v. Weimer* (1944), 143 Ohio St. 312.

"* * * Where the language itself clearly expresses the legislative intent, the courts need look no further. " *Katz v. Dept. of Liquor Control* (1957), 166 Ohio St. 229, 231.

Since the rules adopted, in 1981, by the Civil Service Commission clearly rescinded any prior rules, we find that the affidavits of the commissioners are of no force nor effect.

The trial judge filed an opinion in the case and, as a part of that opinion, found as follows:

"2) The rules adopted on June 29, 1981, provide that employees of the City of Youngs-

town must be, or become, residents of the City of Youngstown;"

At oral argument, the appellants contended that since the appellee did not appeal this finding, it was binding law in the case and not subject to reversal by this court.

We find conclusively that this finding, by the trial judge, was erroneous. However, we further conclude that such finding, by the trial judge, was of no force nor effect. The foregoing portion of the opinion does not appear as a part of the final judgment entry which was signed and filed by the trial judge subsequent to the opinion.

"The opinion of a trial court does not constitute an order or judgment and is not a part of the record in the case; and a reviewing court cannot consider such opinion in order to supply an omission in the record before it." *In re Estate of Gardner* (1959), 112 Ohio App. 462, Syl. 1.

Accordingly, we affirm the judgment of the trial court, not only for reasons expressed in the judgment entry of the trial court but also for additional reasons expressed in this opinion. (Rule 12, Rules of Appellate Procedure, Paragraph (B)).

DONOFRIO, J., COX, J., concur.