Weygandt, C. J.
 

 The present posture of this case is such that the court is now asked to reconsider and redecide the decisive question presented on the first demurrer.
 

 The entire difficulty here encountered is due to failure to remember and observe one of the most important fundamentals of the law, namely, that a court of record speaks through its journal. This principle has been repeatedly and consistently followed by this court.
 
 Will
 
 v.
 
 McCoy,
 
 135 Ohio St., 241, 20 N. E. (2d), 371;
 
 Industrial Commission
 
 v.
 
 Musselli,
 
 102 Ohio St., 10, 130 N. E., 32;
 
 State, ex rel. Voight,
 
 v.
 
 Lueders, Judge,
 
 101 Ohio St., 256, 128 N. E., 72; 35 Ohio Jurisprudence, 8, Section 4. Then, too, Section 11604, General Code, provides in unmistakable, mandatory language that “all judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action.” In his opinion in the case of
 
 Industrial Commission
 
 v.
 
 Musselli, supra,
 
 Judge Jones pertinently observes: '
 

 “Construing Section 11604, General Code, which requires all judgments to be entered on the journals of the court, in
 
 Coe
 
 v.
 
 Erb et al.,
 
 59 Ohio St., 259, Spear, C. J., again said, at page 263: ‘Why this requirement
 
 *480
 
 if the judgment is to be regarded as in full force and effect for all purposes by the mere announcement of it from the bench?’
 

 “It is a familiar rule that the court speaks only through its journals. Were the rule otherwise it would provide a wide field for controversy as to what the court actually decided. Not only would the features of the decision be left in doubt as between the parties to the suit, but as a
 
 lis pendens
 
 it might seriously affect the rights of others who had not been made parties thereto.”
 

 The instant case is illustrative of the unquestionable necessity for the rule and also of the confusion to be avoided by its observance. On January 4, 1939, the respondent judge announced a finding in favor of the plaintiff McCarthy, and on January 9, 1939, it was similarly indicated that the motion of the Industrial Commission for a new trial was overruled. Yet nothing with reference thereto was placed upon the journal of that court until nearly two months later. This was a deficiency that was not cured by any oral pronouncement or written minute of the respondent judge.
 

 The only reason given for the refusal to sign the bill of exceptions was “that the same was filed in the clerk’s office more than forty days after the overruling of the motion for a new trial.” Inasmuch as the ruling of the court on the motion for a new trial was not journalized until March 2, 1939, the bill of exceptions was filed well within the statutory limitation on March 28, 1939, and the respondent judge was not justified in his refusal to affix his signature.
 

 The relator’s demurrer to the respondent’s answer is sustained and a writ of mandamus is allowed in conformity with the prayer of the relator’s petition.
 

 Writ allowed.
 

 Zimmerman, "Williams, Matthias and Hart, JJ., concur.