Matthias, J.
Concisely stated, tbe question presented is: Does tbe time for appeal from the Court of Common Pleas to tbe Court of Appeals begin to run from tbe time of tbe “finding” of tbe trial court overruling tbe motion for a new trial entered on the appearance docket, or from tbe time such order is put in tbe form of a journal entry approved by tbe court and duly filed in the office of the clerk of courts ?
Tbe rule is well established in tbis state that a court of record speaks only through its journal and not by oral pronouncement or a mere minute or memorandum. State, ex rel. Industrial Commission, v. Day, Judge, 136 Ohio St., 477, 26 N. E. (2d), 1014.
Section 12223-7, General Code, provides in part as follows:
“After tbe journal entry of tbe final order, judgment or decree, has been approved by tbe court in writing and filed with tbe clerk for journalization, or after tbe entry of other matter for review, the period of time within which tbe appeal shall be perfected, unless otherwise provided by law, is as follows;
“1. In appeals to tbe Supreme Court, to Courts of Appeals or from Municipal Courts and from Probate *112 Courts to Courts of Common Pleas, within twenty (20) days.
“Provided, that, when a motion for a new trial is filed by either party within ten days after a journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization, then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial. ’ ’
Under Section 12223-7, General Code, as now in effect, the decision by the trial court overruling or granting a motion for a new trial is made subsequent to the entering of judgment on the verdict of the jury. Prior to the amendment of this section in 1945, the decision of a motion for a new trial preceded the entry of judgment, and the practice generally, if not universally, followed was to incorporate the decision of such motion with the verdict of the jury in a journal entry of judgment in the cause. Under the statute as now in effect, the “entry of the order” overruling or sustaining the motion for a new trial starts the running of the appeal time and necessarily must be definite and must be journalized. It is not the “order” but the “entry” of the order that initiates the period within which an appeal may be taken.
This rule has been in operation in this state for many years and is based upon the fact that under the Constitution of Ohio only judgments and final orders are appealable. An order merely overruling a motion for a new trial is not reviewable unless at that time a judgment is also rendered and entered. See 2 Ohio Jurisprudence, 204 et seq., Section 106.
It must be assumed that the General Assembly intended that Section 12223-7, General Code, would not only prescribe the time within which an appeal may be prosecuted from the decision of the court overruling *113 the motion for a new trial, but also provide for the rendition of the judgment or order which the Court of Appeals, under the Constitution and statute, can properly review. It seems clear that, when the words, ‘ ‘ the entry of the order overruling or sustaining the motion for a new trial,” were used in that section, they were intended to mean the filing with the clerk of a final order or judgment in the form of a journal entry, in accordance with the requirement therefor in the Appellate Procedure Act.
It might be noted that the ruling on a motion for a new trial may result in the vacation of a judgment and termination of liens acquired thereunder and it seems obvious that such result can not be accomplished otherwise than by the entry of a judgment or final order in accord with the statute.
It follows that the Court of Appeals was in error in dismissing the appeal herein. Its judgment is, therefore, reversed and the cause remanded to that court for further proceedings in accordance herewith.

Judgment reversed.

Weygandt, C. J., Middleton, Taet, Hart. Zimmerman and Stewart, JJ., concur.