Appellant, William Pietrzak, appeals the trial court's determination that he is a sexual predator. A review of the record, fails to reveal a journal entry stating that finding.
This appeal is dismissed for lack of a final appealable order pursuant to R.C. 2505.02.
It is a well established and long standing principle that a judgment of a trial court must be journalized in order to be final as the trial court speaks only through its journal.State ex rel. Indus. Comm. v. Day (1940), 136 Ohio St. 477,26 N.E.2d 1014, paragraph one of the syllabus. This rule must be adhered to as its requirements "are not met by a mere written minute or an oral pronouncement by a court or judge without the preparation and filing of a journal entry." Id. at paragraph two of the syllabus. Furthermore, in order for an appellate court to obtain subject matter jurisdiction, the judgment entry must be file stamped. State v. Domers (1991), 61 Ohio St.3d 592, 575 N.E.2d. 832.
In the instant case, the record demonstrates that the trial court failed to make its order final and appealable when its entry concerning appellant's classification was not properly journalized.
Appeal dismissed.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., AND JAMES D. SWEENEY, J., CONCUR
 _______________________________ JUDGE ANNE L. KILBANE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).