DECISION AND JUDGMENT ENTRY
This is an appeal from a Highland County Common Pleas Court judgment overruling a "Motion to Amend Judgment Pursuant to Civil Rule 60(B)(5) and Criminal Rule 47" filed by Roger Spillman, defendant below and appellant herein.
Appellant assigns the following error for our review:
 "TRIAL COURT ABUSED ITS DISCRETION WHEN CONVICTING APPELLANT IN A CRIMINAL PROCEEDING, DENIED APPELLANT DUE PROCESS BY TERMINATING APPELLANT'S PARENTAL RIGHTS, BY ORDERING AS A STIPULATION IN THE CRIMINAL CONVICTION, APPELLANT WAS TO HAVE NO CONTACT WITH HIS CHILDREN. IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE FIFTH
AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION."(SIC)
On December 18, 1995, appellant pled guilty, pursuant to a negotiated plea agreement, to a charge of child endangerment in violation of R.C. 2919.22. On February 8, 1996, the trial court sentenced appellant to one and one-half years to five years in prison.
On July 8, 1999, appellant filed a motion requesting the trial court to "amend" its sentencing entry and "lift the restriction of `no contact' between Defendant [Appellant] and his two daughters * * *." In support of his motion appellant cited Civ.R. 60(B)(5) and Crim.R. 47.
July 27, 1999, the trial court overruled appellant's motion. The trial court noted: (1) that Civ.R. 60(B) is inapplicable to the instant criminal proceeding; and (2) that Crim.R. 47, which speaks generally to the form and style of motions, does not support appellant's request.[1]
In his appellate brief, appellant asserts that the trial court, "when deciding Appellant's sentence," included "the adjudication of the future association of Appellant with this children." Appellant contends that the trial court ordered him to "have no contact with this children" and, consequently abused its discretion "by terminating Appellant's parental rights of his children without due process of law."
In the appellee's brief the prosecution first notes that the trial court's sentencing entry did not terminate appellant's parental rights. Rather, the entry's language merely restricted appellant's contact with the victim (appellant's daughter) and family members as a condition of appellant's bond prior to reporting to prison for the execution of his sentence. Appellee points out that the trial court's entry did not address or adjudicate any future contact between appellant and his children.
Second, appellee asserts that Civ.R. 60(B) does not apply to a request to modify a sentence in a criminal case. Appellee notes that in order for appellant to attack his criminal sentence, appellant should have raised the issue in his direct appeal, in a delayed appeal, or in a petition for post-conviction relief.
In his reply brief, appellant contends that the issue in this matter is "whether the trial court's `verbal' instructions to appellant are binding as a matter of law, when the record is silent of the trial court's intent." Appellant asserts that his appeal "is based on the judges `verbal' order at the original sentencing hearing which Appellant was instructed by the trial court that he would not be permitted contact with his children, although it is not a part of the judgment entry."
In the case sub judice, we agree with the trial court's conclusion that generally Civ.R. 60 has no application to judgments issued in criminal proceedings.[2] We further agree with the trial court's conclusion that Civ.R. 47 speaks merely to the form and style of motions. The rule does not support appellant's request.
We also point out that appellee concedes that the restriction regarding appellant's contact with his children was imposed as a condition of appellant's bond, not as part of the trial court's sentencing order. Appellee notes that the trial court's order did not address or adjudicate future contact between appellant and his children.
Lastly, we address appellant's claim that the trial court's "verbal order" at the sentencing hearing restricted appellant's contact with his children. First, we note that our review of the sentencing hearing transcript does not support appellant's assertion. Second, we note the general rule and longstanding principle that a court speaks only through its written journal. See State v. Keenan (1998), 81 Ohio St.3d 133, 689 N.E.2d 929. See, also, Crim.R. 32; State ex rel. Hanley v. Roberts (1985),17 Ohio St.3d 1, 476 N.E.2d 1019, quoting Schenley v. Kauth (1953),160 Ohio St. 109, 113 N.E.2d 625; State v. King (1994), 70 Ohio St.3d 158, 637 N.E.2d 903. Because "a court of record speaks only through its journal * * * no action of the court can be regarded as a decision or judgment until it is reduced to writing and filed with the clerk for journalization." State v. Low (Dec. 20, 1994), Franklin App. No. 94APA06-832, unreported, citingState ex rel. Indust. Comm. v. Day (1940), 136 Ohio St. 477,26 N.E.2d 1014.
Accordingly, based upon the foregoing reasons we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
[1] Crim.R. 47 provides in pertinent part:
An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.
* * *
[2] In some limited circumstances, the civil rules may apply to criminal proceedings. Crim.R. 57(B) provides that if no procedure is specifically prescribed by the Rules of Criminal Procedure, a court may proceed in any lawful manner not inconsistent with the criminal rules and may look to the Rules of Civil Procedure and to the applicable law if no rule of criminal procedure exists. We note that on occasion, courts have entertained 60(B) motions in criminal cases. See State v.Israfil (Nov. 15, 1996), Montgomery App. No. 15572, unreported;State v. Wells (March 30, 1993), Franklin App. No. 92AP-1462, unreported; State v. Billheimer (Dec. 3, 1992), Montgomery App. No. 13281, unreported; State v. Groves (Dec. 23, 1991), Warren App. No. CA91-02-014; State v. Riggs (Oct. 4, 1993), Meigs App. Nos. 503 and 506, unreported.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J. EVANS, J.: Concur in Judgment Opinion
For the Court
 BY: ___________________________ PETER B. ABELE, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.