DECISION
On July 26, 1997, Marcus C. Coach became involved in a verbal altercation with Kurtis Robinson, Brandon Salter, Jason McCory, and Nicholas Metz outside a house on Auburn Avenue in the city of Cincinnati. In response to this altercation, Coach took a handgun from his book bag and fired numerous times at Robinson and his friends. Although Robinson and the others ran away from Coach as he fired, Robinson was struck in his left foot by a bullet.
Salter was interviewed by the police at the scene of the shooting. He identified Coach as the shooter. The police searched the surrounding area and located Coach hiding near the porch at the house where the shooting occurred. During the ensuing detention, Couch told the police that a van had pulled up to the house and fired the shots, a statement he would later contradict at trial with testimony that his cousin had been the shooter. Coach also told the police that he had gunshot residue on his hands because he had been shooting a firearm earlier in the day.
While Coach was being interviewed by the police, Robinson was rushed to the hospital so that he could be treated for his injuries. Although Coach was not physically brought before Robinson for identification, Robinson identified Coach as the shooter from photographs taken by the police.
Coach was subsequently indicted for one count of felonious assault in violation of R.C. 2903.11(A)(1), for causing serious physical harm to Robinson, and for three counts of felonious assault in violation of R.C. 2903.11(A)(2), for causing or attempting to cause physical harm by means of a deadly weapon to Robinson, Salter, and McCory. Each of the counts in the indictment had two firearm specifications. Prior to trial, counts three and four, which charged Coach with felonious assault on Salter and McCory, were dismissed. Coach then waived his right to a jury trial and was found guilty by the trial court of the two remaining counts and their accompanying firearm specifications.
In his first assignment of error, Coach claims that the trial court erred by entering a conviction for felonious assault, because the evidence was insufficient. If the record contains substantial evidence to support all of the elements of the charged offenses, this court will not reverse for insufficient evidence. See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541. A defendant can be found guilty of felonious assault, under R.C. 2903.11(A)(1), if he knowingly causes serious physical harm to another, or, under R.C. 2903.11(A)(2), if he knowingly causes or attempts to cause physical harm to another by means of a deadly weapon.
The record demonstrates that Coach, in response to a verbal altercation, took a gun from his book bag and fired numerous times in the direction of Robinson and three others. Several witnesses positively identified Coach as the shooter, including Coach's victim, Robinson. The evidence presented at trial clearly shows that Coach caused serious physical harm to Robinson when a bullet fired by Coach struck Robinson in the foot. Since Coach knowingly caused serious physical harm to Robinson and also knowingly caused or attempted to cause physical harm to Robinson by means of a deadly weapon, we hold that there was sufficient evidence to support the convictions. The first assignment of error is overruled.
In Coach's second assignment of error, he claims that he should not have received separate sentences for the violations of R.C. 2903.11(A)(1) and R.C. 2903.11(A)(2), because they were allied offenses of similar import. Before we discuss why Coach could be properly sentenced on both counts, we must discuss the plain error involved in Coach's sentencing.
"Because a trial court speaks only through its journal entries, the judgment entry and not the open court pronouncement of the sentence was the effective instrument for sentencing [the defendant]." State v. Carpenter (Oct. 9, 1996), Hamilton App. No. C-950889, unreported, citing State ex rel. Indus. Comm. v. Day
(1940), 136 Ohio St. 477, 26 N.E.2d 1014. In a criminal prosecution, "the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." (Emphasis added.) Crim.R. 43(A). A violation of Crim.R. 43(A) is a violation of the defendant's due process rights, which requires a reviewing court to reverse and remand the case for resentencing. See State v.Walton (1990), 66 Ohio App.3d 243, 583 N.E.2d 1106. If the judgment entry differs from the sentence announced in open court, and there is nothing in the record to demonstrate that the defendant was present at the time the different or modified sentence was imposed, there is a presumption that the defendant's Crim.R. 43(A) rights were violated, which renders the judgment entry invalid. See State v. Carpenter (Oct. 9, 1996), Hamilton App. No. C-950889, unreported.
At the sentencing hearing, the court informed Coach that the findings of guilty on the two felonious-assault counts and their accompanying specifications involved allied offenses of similar import and that those counts were being merged for purposes of sentencing. The court then imposed a period of confinement of two years for the two counts, plus an additional period of confinement of three years for the firearm specifications.
Although journalized on the same day as the hearing, the judgment entry sentencing Coach differs from the sentence imposed in open court. That entry reflects that Coach was found guilty on two felonious-assault counts and that he was sentenced to periods of confinement of two years on each count and to periods of confinement of three years on the specifications accompanying each count. Although the judgment entry states that the sentences were to merge, there is no reference to allied offenses of similar import. It is unclear whether the court's reference in the judgment entry to the merging of the sentences was the result of the trial court's belief that the counts involved allied offenses, or whether the court meant that the sentences were to run concurrently.
Although the trial court's entry of a conviction for both felonious-assault counts was correct, it does not appear in the record that Coach was present for the apparent modification of his sentence from what was pronounced in open court to what was set forth in the judgment entry. Since Coach's Crim.R. 43(A) right to allocution was violated, we are required to remand this case for resentencing. See Walton, supra. Although Coach must be resentenced by the trial court, we now discuss why Coach may be convicted on both felonious-assault counts.
Provided that the offenses for which a person is found guilty are not allied offenses of similar import, the trial court may sentence that person for each offense. See State v. O'Neal
(2000), 87 Ohio St.3d 402, 415, 721 N.E.2d 73, 87; see, also,State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699; R.C.2941.25. As stated by the Ohio Supreme Court in Rance,
 if the elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import. If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted.
(Citations omitted.) Rance, supra, at 636, 710 N.E.2d at 702. "Under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract." Rance, supra, paragraph two of the syllabus, overruling Newark v. Vazirani (1990), 48 Ohio St.3d 81,549 N.E.2d 520. The facts of the case are not considered in this analysis. See Rance, supra.
A charge of felonious assault under R.C. 2903.11(A)(1) alleges that the defendant knowingly caused serious physical harm to another. A charge of felonious assault under R.C.2903.11(A)(2) alleges that the defendant knowingly caused or attempted to cause physical harm to another by means of a deadly weapon. It is apparent that the commission of felonious assault under subsection (A)(1) will not result in the commission of felonious assault under subsection (A)(2). One may cause serious physical harm to another without a weapon, or one may cause or attempt to cause physical harm to another by means of a deadly weapon, but any resulting harm may not rise to the level of serious physical harm. Either way, the elements of these offenses do not correspond so that the commission of one will result in the commission of the other.
Therefore, we hold that the offenses for which Coach was found guilty are not allied offenses of similar import, and Coach may be convicted for both felonious-assault counts. Coach's second assignment of error is overruled.
Pursuant to our holding today, we overrule our earlier decisions in State v. Day (Oct. 23, 1998), Hamilton App. No. C-971079, unreported; State v. Freeman (July 12, 1995), Hamilton App. No. C-940777, unreported; State v. Stone (May 3, 1995), Hamilton App. No. C-940486, unreported; and State v. Shirley (May 26, 1993), Hamilton App. No. C-920535, unreported, which held that R.C. 2903.11(A)(1) and R.C. 2903.11(A)(2) defined allied offenses of similar import. As to the findings of guilty, the judgment is affirmed; however, we must vacate the sentence and remand this case for resentencing, because the sentence announced in open court does not correspond to the sentence journalized by the trial court in its judgment entry.
Judgment affirmed in part, sentence vacated and cause remanded.
 _________________________________ WINKLER, Judge.
 GORMAN, P.J., and SUNDERMANN, J., concur.