[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Rodney E. Shavers appeals from the judgment of the trial court revoking his community control and imposing a sentence of twelve months' incarceration. Shavers assigns the following as error: (1) the trial court's finding that he had violated a condition of his community control; (2) the imposition of the maximum term of incarceration; and (3) the trial court's failure to credit him with time served in confinement.
In October 1999, Shavers entered a plea of guilty to possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree. The trial court sentenced Shavers to three years' community control. At the time, the trial court stated, "We'll issue a sentence in this case of three years community control to complete all Drug Court programming." The trial court's journal entry stated in pertinent part, "Community control: 3 yrs; defendant to complete ADAPT program." Shavers later pleaded no contest to violating his community control by absconding from another drug program called the Prospect House.
In his first assignment of error, Shavers claims that the trial court erred by finding him guilty of violating his community control, because his participation at the Prospect House was not a condition of community control as stated in the court's judgment entry. We agree. It is axiomatic that a trial court speaks only through its journal entries. SeeState ex rel. Industrial Comm. of Ohio v. Day (1940), 136 Ohio St. 477,26 N.E.2d 1014, paragraph one of syllabus. Therefore, the judgment entry and not the open-court pronouncement of the sentence was the effective instrument for sentencing Shavers. See State v. Carpenter (Oct. 9, 1996), Hamilton App. No. C-950889, unreported. We sustain Shavers's first assignment of error, thereby rendering moot his second and third assignments of error.
Therefore, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings not inconsistent with law and this decision.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.