OPINION
{¶ 1} Defendants-appellants and brothers, Benjamin and Brian Dunigan, separately appeal their convictions in the Madison County Court of Common Pleas (the "trial court") for receiving stolen property. Due to the similarity of the factual and legal issues involved, we have consolidated these two appeals sua sponte pursuant to the authority of App.R. 3(B).
 {¶ 2} In the early morning hours of May 24, 2001, appellants and a juvenile stole a 1985 Honda 350X three-wheeler from a padlocked garage on Antioch Road in Madison County, Ohio, and loaded it in Brian Dunigan's pickup truck. They were about to leave the scene when a police officer, noticing the truck parked in the middle of the street with no lights on, pulled behind them. Appellants were arrested and both charged with theft and breaking and entering.
 {¶ 3} Following an arraignment on May 25, 2001, appellants appeared in the Madison County Municipal Court (the "municipal court") on May 31, 2001 for a preliminary hearing. As a result of the hearing, appellants were both bound over to the grand jury. Appellants were subsequently both indicted on one count each of receiving stolen property in violation of R.C. 2913.51(A) and one count each of breaking and entering in violation of R.C. 2911.13(A). In September 2001, appellants both entered a no contest plea to one count of receiving stolen property. In exchange for their plea, the state agreed to dismiss the breaking and entering charge. The trial court accepted appellants' no contest plea, and subsequently sentenced them to two years each of community control and 15 days each in the Tri-County Regional Jail with work release privileges. This appeal follows in which appellants jointly raise three assignments of error.
Assignment of Error No. 1:
 {¶ 4} "THE MUNICIPAL COURT ACTED CONTRARY TO LAW, ABUSED ITS DISCRETION, COMMITTED PLAIN ERROR, AND PREJUDICED THE DEFENDANTS/APPELLANTS WHEN IT FAILED TO CONTINUE THE PRELIMINARY HEARING AFTER BEING ADVISED BY THE DEFENDANTS/APPELLANTS THAT THEY HAD NOT `HAD TIME TO SEEK COUNSEL.'"
 {¶ 5} Appellants were arraigned in the municipal court on May 25, 2001 (a Friday). The municipal court advised them of the felony charges pending against them, and in accordance with Crim.R. 5(B)(1), set the preliminary hearing for May 31, 2001 (a Thursday). During the arraignment, both appellants told the municipal court that they would hire their own attorneys.
 {¶ 6} On May 31, 2001, both appellants appeared in the municipal court for their preliminary hearing without an attorney. Appellants explained that they had not had time to seek counsel. The municipal court commented "Well that's the way it goes" and the hearing proceeded. One of the appellants immediately protested that they had not even pled yet. The municipal court replied "you're not going to enter a plea of not guilty. You enter no pleas in this court. You take a seat at the table."
 {¶ 7} Direct examination of the state's first witness was then interrupted by appellants' mother who told the court that they had talked to an attorney. Appellants' mother refused to provide the name of the attorney but stated that the attorney had told them appellants would just plead at the preliminary hearing. The municipal court replied: "These are felony matters. This is a misdemeanor court. This is a preliminary hearing which is a probable cause hearing. I explained this to these two young men at arraignment date [the record supports the court's assertion]. They assured me they would hire their own attorney. We are going forward. You may proceed." As a result of the preliminary hearing, appellants were bound over to the grand jury.
 {¶ 8} Appellants argue that the municipal court's refusal to continue the preliminary hearing, which resulted in appellants being denied assistance of counsel at the hearing, was prejudicial error and in violation of Crim.R. 5.
 {¶ 9} Crim.R. 5 governs initial appearances and preliminary hearings. Upon a defendant's initial appearance, Crim.R. 5(A) requires the court to inform the defendant, inter alia, that "he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Crim.R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel." Crim.R. 5(B)(1), in turn, provides in relevant part that
 {¶ 10} "In felony cases a defendant is entitled to a preliminary hearing unless waived in writing. * * * If the defendant does not waive the preliminary hearing, the judge or magistrate shall schedule a preliminary hearing within a reasonable time, but in any event not later than ten consecutive days following arrest or service of summons if the defendant is in custody * * *. * * * With the consent of the defendant and upon a showing of good cause, taking into account the public interest in the prompt disposition of criminal cases, time limits specified in this division may be extended. In the absence of such consent by the defendant, time limits may be extended only as required by law, or upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice."
 {¶ 11} Appellants assert that they and their mother "more than once attempted to have the hearing continued to no avail." The record does not support this assertion. Rather, the record shows that appellants told the court once that they did not have an attorney and the reason why, that one of the appellants protested once about the lack of plea, and that appellants' mother interrupted the hearing once. Contrary to their assertion, appellants did not seek a continuance either prior to or during the preliminary hearing. However, the record also shows that appellants were never informed by the municipal court of their right to a reasonable continuance in the proceedings to secure counsel in violation of Crim.R. 5(A).
 {¶ 12} The purpose of a preliminary hearing is to determine whether sufficient facts exist to warrant the court in binding the defendant over to the grand jury and to set bail. "In Coleman v.Alabama (1970), 399 U.S. 1, 90 S.Ct. 1999, * * * the [United States Supreme Court] held that a preliminary hearing is a critical stage of the criminal process during which a defendant's fundamental right to counsel is protected by the Sixth and Fourteenth Amendments to the United States Constitution." State v. Spates, 64 Ohio St.3d 269, 271, 1992-Ohio-130.
 {¶ 13} However, "[a] plea of no contest waives the defendant's right to raise any error or procedural irregularity on appeal other than an error by the trial court in ruling on certain pretrial motions."State v. Croley (June 16, 1997), Clermont App. Nos. CA96-10-095, CA96-10-096, and CA96-10-097, at 4. Likewise, a "defendant's plea of guilty entered into knowingly, intelligently and voluntarily after a preliminary hearing waives defendant's right to challenge a claimed deprivation of the constitutional right to counsel at the preliminary hearing stage of a criminal proceeding." Spates, 64 Ohio St.3d at 273. In so holding, the Ohio Supreme Court followed Tollet v. Henderson
(1973), 411 U.S. 258, 93 S.Ct. 1602, in which the United States Supreme Court held that
 {¶ 14} "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea * * *." Id. at 267,93 S.Ct. 1602.
 {¶ 15} The record in this case shows that three months after the preliminary hearing, appellants each entered a no contest plea to one count of receiving stolen property. The record also shows that no pretrial motion was filed relating to denial of counsel at the preliminary hearing, and that Crim.R. 11 was followed by the trial court before it accepted appellants' no contest pleas. As a result, appellants waived their right to challenge on appeal the denial of counsel at the preliminary hearing. Appellants' first assignment of error is overruled.
Assignment of Error No. 2:
 {¶ 16} "THE TRIAL COURT ACTED CONTRARY TO LAW, ABUSED ITS DISCRETION, COMMITTED PLAIN ERROR, AND ACTED CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT SENTENCED DEFENDANTS/APPELLANTS TO `15 DAYS IN THE TRI-COUNTY JAIL.' THE TRIAL COURT'S IMPOSED SENTENCE DISCRIMINATES AGAINST THE DEFENDANTS/APPELLANTS AND IS CONTRARY TO THE PURPOSE OF THE STATUTES GOVERNING SENTENCING."
 {¶ 17} An appellate court may not disturb a sentence imposed under felony sentencing unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(1); State v. Garcia (1998), 126 Ohio App.3d 485, 487. Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 18} Appellants first take issue with the alleged contradiction between the trial court's statements at the sentencing hearing and the court's sentencing entry. During the hearing, the trial court warned both appellants that if they violated their community control sanctions, they could be sent back to the penitentiary for a period not to exceed six months. By contrast, appellants' respective sentencing entries state that "[a]ny violations of the * * * sanctions * * * is grounds for the revocation of this Order and modification of the sentence, which may include: a longer time under the same sanction, a more restrictive sanction, or a prison term of one year in the Corrections Reception Center at Orient, Ohio."
 {¶ 19} It is well-established that a trial court speaks only through its journal and not by oral pronouncement. See State ex rel.Indus. Comm. v. Day (1940), 136 Ohio St. 477. There is therefore no contradiction. In addition, the trial court correctly listed in the sentencing entries the potential sanctions for a violation of community control sanctions. See R.C. 2929.14(A)(5) and 2929.15(B).
 {¶ 20} Next, appellants assert they were "shocked and devastated" when they read in a local newspaper that a Jeffrey Wade, a man charged with six counts of fifth degree felonies (passing bad checks and forgery), was merely sentenced by the same trial court to six months in jail suspended and to 12 months of probation. Appellants "find it inconceivable that [Mr.] Wade's sentence differs so from theirs."
 {¶ 21} While Mr. Wade was originally indicted on six counts of fifth degree felonies, he later pled guilty to one count of theft in violation of R.C. 2913.02(A)(3), a first degree misdemeanor. In exchange for his guilty plea, the state agreed to dismiss the felony charges. By contrast, appellants were both indicted on two counts of fifth degree felonies. They subsequently pled no contest to one count of fifth degreefelony. R.C. 2929.11(B) provides that a sentence imposed for a felony "shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." We fail to see how appellants' sentences violate R.C. 2929.11(B) when compared to Mr. Wade's sentence. Accordingly, their argument is nonsensical and meritless.
 {¶ 22} Finally, appellants argue that the trial court failed to provide its reasons when sentencing appellants in violation of R.C.2929.19(B)(2)(a). That provision requires a trial court, when imposing "a prison term for a felony of the fourth or fifth degree[,]" to state "its reasons for imposing the prison term * * *." Appellants were sentenced to 15 days in jail, not to a prison term. "[A] jail sentence is not the equivalent of, or part of, a prison term." State v. Knight, Warren App. No. CA2001-12-111, 2002-Ohio-4129, at ¶ 6. R.C.2929.19(B)(2)(a) is therefore not applicable to the case at bar.
 {¶ 23} Applicable, however, is R.C. 2929.13(B). That provision requires a trial court, when sentencing an offender for a fourth or fifth degree felony, to determine the applicability of certain factors. R.C.2929.13(B)(1)(a)-(i). Revised Code 2929.13(B)(2)(b), in turn, provides that if the trial court does not make R.C. 2929.13(B)(1) findings, and if, after considering the seriousness and recidivism factors set forth in R.C. 2929.12, the court finds that a community control sanction is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, the court shall impose a community control or combination of community control sanctions upon the offender.
 {¶ 24} In the case at bar, there is no evidence that the trial court considered the seriousness and recidivism factors of R.C. 2929.12
before sentencing appellants as required under R.C. 2929.13(B)(2)(b). Likewise, the trial court failed to find that a community control sanction was consistent with the purposes and principles of sentencing under R.C. 2929.11. Accordingly, appellants' second assignment of error is sustained to the extent that the trial court failed to comply with R.C. 2929.13(B) before sentencing appellants. We reverse the judgment of the trial court pertaining to appellants' respective sentences and remand the case to the trial court for resentencing with instructions to follow the statutory mandates of R.C. 2929.13(B).
Assignment of Error No. 3:
 {¶ 25} "DEFENDANTS/APPELLANTS WERE DENIED DUE PROCESS IN THAT THEY WERE NOT PROVIDED EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 26} To support a claim of ineffective assistance of counsel, the defendant must first show that counsel's actions were outside the wide range of professionally competent assistance. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. Second, the defendant must demonstrate that he was prejudiced by counsel's actions. Id. Trial counsel's performance will not be deemed ineffective unless the defendant shows that "counsel's representation fell below an objective standard of reasonableness," id. at 688, 104 S.Ct. 2052, and that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial court would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, 143, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. The defendant bears the burden of establishing both prongs before a reviewing court will deem trial counsel's performance ineffective. Strickland at 687,104 S.Ct. 2052.
 {¶ 27} A properly-licensed attorney is presumed competent. Vaughnv. Maxwell (1965), 2 Ohio St.2d 299, 301. Any questions regarding the ineffectiveness of counsel must be viewed in light of the evidence against the defendant, Bradley at 142-143, with a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland at 689, 104 S.Ct. 2052. A presumption exists that "under the circumstances, the challenged action `might be considered sound trial strategy.'" Id.
 {¶ 28} Appellants first argue that their respective trial attorneys were ineffective because they failed to have appellants review their PSI. We disagree. R.C. 2951.03(B)(1) requires a trial court "to permit the defendant or the defendant's counsel to read the [PSI] * * *." (Emphasis added.) The record indicates that both trial counsel had the opportunity to review appellants' PSI, and that they chose to defer to the information contained in the PSI. We find no evidence of ineffective assistance of counsel. See State v. Barnhart (Aug. 13, 1997), Auglaize App. No. 2-97-07.
 {¶ 29} Appellants next argue that their attorneys were ineffective because they failed to present evidence that the monetary value of the three-wheeler was less than $500 even though appellants had provided them with such appraisal information. Appellants also argue that Benjamin's attorney was ineffective because he refused to honor Benjamin's repeated requests to submit his case to a jury. Appellants, however, have provided no substantiation for any of the foregoing allegations other than their self-serving and broad statements. Appellants cannot meet their burden under their claim of ineffective assistance of counsel "by making bare allegations which find no support in the record." State v. Adams
(Mar. 3, 1994), Cuyahoga App. Nos. 64759 and 64760, 1994 WL 66246 at *7; see, also, State v. Cox (Oct. 18, 1999), Clermont App. No. CA99-02-016. This court will not second-guess what could be considered a matter of trial strategy. We therefore find no ineffective assistance of counsel.
 {¶ 30} Finally, appellants argue that their trial attorneys were ineffective because they encouraged appellants to enter a no contest plea. We find no ineffective assistance of counsel. Appellants were both charged with two counts of a fifth degree felony. Pursuant to a plea agreement with the state, they both pled no contest to one count of a fifth degree felony and were sentenced to community control sanctions. The record shows that the trial court complied with Crim.R. 11 before accepting appellants' pleas. The record indicates that appellants knowingly and voluntarily entered their no contest plea. We agree with the state that the "record simply reflects no hesitation, no misunderstanding on the part of either Appellant with reference to what they were entering `no contest' pleas to."
 {¶ 31} In light of all of the foregoing, we find that appellants cannot establish they were prejudiced by their trial counsels' performance. We therefore find that appellants were not denied effective assistance of counsel. Appellants' third assignment of error is overruled.
 {¶ 32} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
WALSH, P.J., and VALEN, J., concur.